IN THE CIRCUIT COURT OF THE
12TH JUDICIAL CIRCUIT IN AND FOR
SARASOTA COUNTY, FLORIDA

CASE NO.

STATE FARM FLORIDA
INSURANCE COMPANY
a/s/o LOUIS MINNEAR

Plaintiff,

v.

DELL, INC. and SONY
CORPORATION OF AMERICA,

Defendants.
_______________________________/

## COMPLAINT

Plaintiff sues Defendants and states:

1. That this is an action for damages in excess of $15,000 and this Court has jurisdiction over this matter.

2. That all conditions precedent have been performed and/or are excused.

3. That this cause of action arose in Sarasota County, Florida and venue is otherwise proper in Sarasota County.

4. That at all times material to this action, DELL, INC. and SONY CORPORATION OF AMERICA are foreign corporations which have accepted the privilege of operating, conducting, engaging in, or carrying on a business or business

venture in Florida and sells, consigns or leases tangible or intangible personal property through brokers, jobbers, wholesalers or distributors so as to appoint Florida's Secretary of State as its agent to accept process in this action. Defendants and/or its agents operate, conduct, engage in and carry on business or business ventures in Florida. Defendants have committed tortious acts in Florida. Defendants have caused injury to persons or property within Florida arising out of an act or omission outside Florida at or about the time Defendants were engaged in solicitation or service activities within Florida or products, materials or things processed by Defendants were used or consumed in Florida in the ordinary course of commerce, trade or use. Defendants are engaged in substantial and not isolated activity within Florida. Defendants are subject to this Court's jurisdiction.

5. That by acquisition, division, merger, sale, trade, transfer, and/or other business machinations, Defendants through their predecessors-in-interest and/or successors-in-interest are liable for any defects in the originally manufactured product and are liable for the damages caused by the product.

6. That at all times material to this action, there was a policy of insurance between State Farm and Louis Minnear which required, among other things, that Plaintiff reimburse and pay the insured, his family, and visitors in his home as well as others who might be damaged or injured by the insured or his home.

7. That this action is based, in part upon Florida law which allows for subrogation, but is not an action on the policy.

8. That Defendants designed and manufactured a Latitude D500 laptop and/or its component parts or other product which was placed into the stream of commerce in Florida.

9. That on or about August 17, 2006, the laptop caught fire and/or otherwise malfunctioned so that the home and its contents were damaged in Sarasota County, Florida.

10. That as a proximate result of Defendant's action, the insured made a claim against the policy and STATE FARM was required to pay no less than $236,140.45.

11. That the fire caused property damages to the insured's home and its contents.

12. That the laptop is a product which was assembled, delivered, distributed, installed, manufactured, serviced, and/or sold by Defendants.

13. That at all times material to this action, Defendants are and were an assembler, distributor, inspector, manufacturer, and/or sellers of the laptop and/or its component parts as a product sold or leased to the general public in the regular course of its business.

14. That Defendant assembled, delivered, distributed, installed, manufactured, serviced, and/or sold the product and placed the product in the stream of commerce in Sarasota County, Florida.

15. That at all times material to this action, Defendant intended that the product be operated by users such as the insured and that persons such as the insureds and Plaintiff would be in the vicinity of the product.

16. That at all times material to this action, Defendant owed duties to Plaintiff who was in the foreseeable zone of danger created by Defendant's product.

17. That both subrogor and subrogee have whatever privity is needed to maintain this action.

18. That Plaintiff demands prejudgment interest to the fullest extent allowed by law.

## COUNT I

## DELL'S NEGLIGENCE

Plaintiff restates paragraphs 1-18 and further states:

19. That Defendant sold, mounted, and installed the battery and other component parts on the laptop purchased by Plaintiff.

20. That at all times material to this action, Defendant knew or should have known of the defective nature of the battery and its knowledge of the defects was

superior to Plaintiff.

21. That at all times material to this action, Defendant had duties of reasonable care to assemble, deliver, distribute, inspect, install, manufacture, service, sell, and/or test the laptop in a manner that made the product reasonably safe and to provide appropriate warnings of all foreseeable dangers that Defendant knew or should have known that existed in the product.

22. That Defendant owed such duties of reasonable care to Plaintiff.

23. That at all times material to this action, Defendant breached its duties by:

a. adopting a design process which was not common, customary, prudent, ususal, or in accordance with industry standards relating to the design of similar laptops with similar intended and/or foreseeable functions;
b. adopting a manufacturing process which was not common, customary, prudent, ususal, or in accordance with industry standards relating to the manufacture of similar laptops with similar intended and/or foreseeable functions;
c. designing the product without proper consideration for laptop failure, component part failure, and resulting loss;
d. manufacturing the product without proper consideration for laptop failure, component part failure, and resulting loss;
e. designing the product in a defective condition that created an unreasonable risk of harm to Plaintiff;
f. manufacturing the product in a defective condition that created an unreasonable risk of harm to Plaintiff;
g. storing and/or shipping the product in an inappropriate manner;
h. failing to warn Plaintiff of the dangerous condition that was created by the product and of any latent defects and dangers created by the product;
i. failing to place appropriate descriptive signs on the product warning users and bystanders of its dangerous condition;

j. designing the product with defects that violated safety codes and/or safety design standard practices in the industry;
k. designing the product with a defect, in that Defendant failed to utilize existing state-of-art design alternatives, which were cost-effective and would have prevented injuries and damages to Plaintiff;
*l.* designing the product with a defect, in that it failed to utilize existing and available safety features which would have prevented injury and damages to Plaintiff;
m. designing the product with a defect, in that it contained ineffective and improper safety devices that did not protect Plaintiff from harm;
n. failing to properly test the product and its component parts to determine the circumstances which were likely cause laptop failure, component part failure, and resulting loss;
o. failing to properly inspect and/or test the product after manufacture to discover any defects in the product that would create an unreasonable risk of harm to foreseeable users and bystanders such as Plaintiff; and/or
p. breaching such other duties as discovery or the evidence may show.

24. That as a direct and proximate result of Defendant's breaches of duties as assembler, deliverer, distributor, installer, manufacturer, repairer, and/or seller of the laptop, Plaintiff was required to pay for injuries and damages caused by Defendant's negligence.

25. That as a proximate result of Defendant's negligence, Plaintiff paid no less than $236,140.45 and is entitled to collect its damages from Defendant which is the party at-fault.

WHEREFORE the Plaintiff, STATE FARM FLORIDA INSURANCE

COMPANY a/s/o LOUIS MINNEAR, demands judgment against the Defendant, DELL, INC., with costs, prejudgment interest, and such other relief as the Court may deem just and proper.

## COUNT II

## DELL'S STRICT LIABILITY

Plaintiff restates paragraphs 1-18 and further states:

26. That Defendant sold, mounted, and installed the battery and other component parts on the laptop purchased by Plaintiff.

27. That at all times material to this action, Defendant knew or should have known of the defective nature of the laptop and its knowledge of the defects was superior to Plaintiff.

28. That Defendant assembled, delivered, distributed, installed, manufactured, serviced, and/or sold the product laptop in the regular course of its business.

29. That at the time Defendant assembled, delivered, distributed, installed, manufactured, serviced, and/or sold the product, it expected the product to and the product did reach users and bystanders such Plaintiff without substantial change in the condition that the product was in when it left Defendant's control and possession.

30. That the product was in a defective condition and unreasonably

dangerous when it left Defendant's control, and it was in the same defective condition at the time of Plaintiff was injured by the product.

31. That the defective condition of the product was caused by its defective design, defective manufacture, inadequate warnings of the dangers of the product, and/or improper and ineffective safety devices used to protect users and bystanders in the vicinity of the product such as Plaintiff.

32. That Defendant and/or its agents or employees knew or should have known of the defective condition of the product prior to the time that Plaintiff was injured, yet Defendant failed to remedy the unreasonably dangerous condition or take proper precautions to insure against the dangerously defective condition.

33. That as a direct and proximate result of Defendant's breaches of duties as assembler, deliverer, distributor, installer, manufacturer, repairer, and/or seller of the product laptop, Plaintiff was required to pay for injuries and damages caused by Defendant.

34. That as a proximate result of Defendant's breaches of duties, Plaintiff paid no less than $236,140.45 and is entitled to collect its damages from Defendant which is the party at-fault.

WHEREFORE the Plaintiff, STATE FARM FLORIDA INSURANCE COMPANY a/s/o LOUIS MINNEAR, demands judgment against the Defendant,

DELL, INC., with costs, prejudgment interest, and such other relief as the Court may deem just and proper.

## COUNT III

## DELL'S BREACH OF WARRANTIES

Plaintiff restates paragraphs 1-18 and further states:

35. That at all times material to this action, Defendant is a merchant with respect to goods such as the product and offered the defective product for use by the general public, including the insured.

36. That at all times material to this action, Defendant knew or should have known of the particular purpose for which the product was required and that the insured was relying on Defendant's skill or judgment to select or furnish a suitable product.

37. That the product was distributed, sold, and/or transferred by Defendant to the insured.

38. That there was a defect in the product sold or placed into the stream of commerce by Defendant which was not discoverable by simple observation at the time it was transferred, sold, and used.

39. That because of Defendant's expertise in assembling, designing, delivering, distributing, inspecting, installing, manufacturing, repairing, servicing,

selling, and/or testing laptops, the insured justifiably and reasonably relied upon Defendant to provide a merchantable product which would perform properly.

40. That the product was not merchantable and was below fair average quality and not within the description, was not fit for the ordinary purposes for which such goods are used, was not of even kind, quality and quantity within each unit and among all units involved, was not adequately contained, packaged, and labeled, failed to conform to promises or affirmations of fact made on the container or label, and was otherwise unmerchantable.

41. That at all times material to this action, Defendant breached the warranties provided under the UCC, sections 672.314, 672.315, Florida Statutes, and other applicable law.

42. That Defendant also breached the express warranties that it provided. Plaintiff is not presently in possession of those warranties, but they will be sought in discovery.

43. That as a direct result of Defendant's breach or warranties and failure to provide merchantable goods that were fit for their particular purpose, the insured and Plaintiff suffered damages.

WHEREFORE the Plaintiff, STATE FARM FLORIDA INSURANCE COMPANY a/s/o LOUIS MINNEAR, demands judgment against the Defendant,

DELL, INC., with costs, prejudgment interest, and such other relief as the Court may deem just and proper.

## COUNT IV

## SONY'S NEGLIGENCE

Plaintiff restates paragraphs 1-18 and further states:

44. That Defendant sold, mounted, and installed the laptop battery in the laptop in which Plaintiff purchased.

45. That at all times material to this action, Defendant knew or should have known of the defective nature of the laptop battery and its knowledge of the defects was superior to Plaintiff.

46. That at all times material to this action, Defendant had duties of reasonable care to assemble, deliver, distribute, inspect, install, manufacture, service, sell, and/or test the battery in a manner that made the product reasonably safe and to provide appropriate warnings of all foreseeable dangers that Defendant knew or should have known that existed in the product.

47. That Defendant owed such duties of reasonable care to Plaintiff.

48. That at all times material to this action, Defendant breached its duties by:

a. adopting a design process which was not common, customary, prudent, ususal, or in accordance with industry standards relating to the design of similar batteries with similar intended and/or foreseeable functions;

b. adopting a manufacturing process which was not common, customary, prudent, ususal, or in accordance with industry standards relating to the manufacture of similar batteries with similar intended and/or foreseeable functions;

c. designing the product without proper consideration for battery failure and resulting loss;

d. manufacturing the product without proper consideration for battery failure and resulting loss;

e. designing the product in a defective condition that created an unreasonable risk of harm to Plaintiff;

f. manufacturing the product in a defective condition that created an unreasonable risk of harm to Plaintiff;

g. storing and/or shipping the product in an inappropriate manner;

h. failing to warn Plaintiff of the dangerous condition that was created by the product and of any latent defects and dangers created by the product;

i. failing to place appropriate descriptive signs on the product warning users and bystanders of its dangerous condition;

j. designing the product with defects that violated safety codes and/or safety design standard practices in the industry;

k. designing the product with a defect, in that Defendant failed to utilize existing state-of-art design alternatives, which were cost-effective and would have prevented injuries and damages to Plaintiff;

*l.* designing the product with a defect, in that it failed to utilize existing and available safety features which would have prevented injury and damages to Plaintiff;

m. designing the product with a defect, in that it contained ineffective and improper safety devices that did not protect Plaintiff from harm;

n. failing to properly test the product and its component parts to determine the circumstances which were likely cause battery failure and resulting loss;

o. failing to properly inspect and/or test the product after manufacture to discover any defects in the product that would create an unreasonable risk of harm to foreseeable users and bystanders such as Plaintiff; and/or

p. breaching such other duties as discovery or the evidence may

show.

49. That as a direct and proximate result of Defendant's breaches of duties as assembler, deliverer, distributor, installer, manufacturer, repairer, and/or seller of the battery, Plaintiff was required to pay for injuries and damages caused by Defendant's negligence.

50. That as a proximate result of Defendant's negligence, Plaintiff paid no less than $236,140.45 and is entitled to collect its damages from Defendant which is the party at-fault.

WHEREFORE the Plaintiff, STATE FARM FLORIDA INSURANCE COMPANY a/s/o LOUIS MINNEAR, demands judgment against the Defendant, SONY CORPORATION OF AMERICA, with costs, prejudgment interest, and such other relief as the Court may deem just and proper.

**COUNT V**

**<u>SONY'S STRICT LIABILITY</u>**

Plaintiff restates paragraphs 1-18 and further states:

51. That Defendant sold, mounted, and installed the battery on the laptop which Plaintiff purchased.

52. That at all times material to this action, Defendant knew or should have known of the defective nature of the battery and its knowledge of the defects was

superior to Plaintiff.

53. That Defendant assembled, delivered, distributed, installed, manufactured, serviced, and/or sold the battery in the regular course of its business.

54. That at the time Defendant assembled, delivered, distributed, installed, manufactured, serviced, and/or sold the product, it expected the product to and the product did reach users and bystanders such Plaintiff without substantial change in the condition that the product was in when it left Defendant's control and possession.

55. That the product was in a defective condition and unreasonably dangerous when it left Defendant's control, and it was in the same defective condition at the time of Plaintiff was injured by the product.

56. That the defective condition of the product was caused by its defective design, defective manufacture, inadequate warnings of the dangers of the product, and/or improper and ineffective safety devices used to protect users and bystanders in the vicinity of the product such as Plaintiff.

57. That Defendant and/or its agents or employees knew or should have known of the defective condition of the product prior to the time that Plaintiff was injured, yet Defendant failed to remedy the unreasonably dangerous condition or take proper precautions to insure against the dangerously defective condition.

58. That as a direct and proximate result of Defendant's breaches of duties

as assembler, deliverer, distributor, installer, manufacturer, repairer, and/or seller of the battery, Plaintiff was required to pay for injuries and damages caused by Defendant.

59. That as a proximate result of Defendant's breaches of duties, Plaintiff paid no less than $236,140.45 and is entitled to collect its damages from Defendant which is the party at-fault.

WHEREFORE the Plaintiff, STATE FARM FLORIDA INSURANCE COMPANY a/s/o LOUIS MINNEAR, demands judgment against the Defendant, SONY CORPORATION OF AMERICA, with costs, prejudgment interest, and such other relief as the Court may deem just and proper.

## COUNT VI

## SONY'S BREACH OF WARRANTIES

Plaintiff restates paragraphs 1-18 and further states:

60. That at all times material to this action, Defendant is a merchant with respect to goods such as the product and offered the defective product for use by the general public, including the insured.

61. That at all times material to this action, Defendant knew or should have known of the particular purpose for which the product was required and that the insured was relying on Defendant's skill or judgment to select or furnish a suitable

product.

62. That the product was distributed, sold, and/or transferred by Defendant to the insured.

63. That there was a defect in the product sold or placed into the stream of commerce by Defendant which was not discoverable by simple observation at the time it was transferred, sold, and used.

64. That because of Defendant's expertise in assembling, designing, delivering, distributing, inspecting, installing, manufacturing, repairing, servicing, selling, and/or testing laptop batteries, the insured justifiably and reasonably relied upon Defendant to provide a merchantable product which would perform properly.

65. That the product was not merchantable and was objectionable in the trade under the contract description, was below fair average quality and not within the description, was not fit for the ordinary purposes for which such goods are used, was not of even kind, quality and quantity within each unit and among all units involved, was not adequately contained, packaged, and labeled, failed to conform to promises or affirmations of fact made on the container or label, and was otherwise unmerchantable.

66. That at all times material to this action, Defendant breached the warranties provided under the UCC, sections 672.314, 672.315, Florida Statutes, and

other applicable law.

67. That Defendant also breached the express warranties that it provided. Plaintiff is not presently in possession of those warranties, but they will be sought in discovery.

68. That as a direct result of Defendant's breach or warranties and failure to provide merchantable goods that were fit for their particular purpose, the insured and Plaintiff suffered damages.

WHEREFORE the Plaintiff, STATE FARM FLORIDA INSURANCE COMPANY a/s/o LOUIS MINNEAR, demands judgment against the Defendant, SONY CORPORATION OF AMERICA, with costs, prejudgment interest, and such other relief as the Court may deem just and proper.

DATED this 23rd day of December 2008.

BECKHAM & BECKHAM, P.A.
Attorneys for Plaintiff, STATE FARM
1550 Northeast Miami Gardens Drive
Suite 504
North Miami Beach, Florida 33179
Telephone (305) 957-3900
Facsimile: (305) 940-8706

By: Robert Beckham for
EUGENE G. BECKHAM FBN 998265
Florida Bar No. 360732

F:\WP51\DOCS\MINNEAR.STF\COMPLAINT.wpd